**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DENISE M. GOMEZ & JOSEF V. GOMEZ,**<br><br>Plaintiffs,<br><br>v.<br><br>**MEDTRONIC PLC, MEDTRONIC, INC., MEDTRONIC USA, INC., AND DOES 3-50,**<br><br>Defendants. | 1:18-cv-01296-LJO-JLT<br><br>**MEMORANDUM DECISION AND ORDER GRANTING DEEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 3) |

## I. INTRODUCTION

Plaintiffs Denise M. Gomez and Josef V. Gomez bring this action against Defendants Medtronic PLC, Medtronic, Inc., Medtronic USA, Inc., and Does 3-50. This action arises out of the death of Plaintiffs' daughter, Emma M. Gomez. Plaintiffs allege causes of action for strict products liability, negligence, and breach of implied warranty. Defendant moves to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). This matter is suitable for disposition without oral argument. *See* Local Rule 230(g).

## II. BACKGROUND

**A.     Factual Allegations**

Plaintiffs allege that on or about July 30, 2017 they were injured by Defendants' product – the Medtronic MiniMed Infusion Set. ECF No. 1-1 at 4. According to the complaint, "Plaintiff, Denise M. Gomez, was a purchaser and user of said product which was dangerous and defective, causing her to become unconscious and resulting in the death of Emma M. Gomez, daughter of Denise M. Gomez and Josef V. Gomez." *Id.* Plaintiffs are the natural parents of Decedent Emma M. Gomez. *Id.* at 8. As a

1

result, Plaintiffs suffered damages in the form of "[l]oss of care, comfort, society, love, affection and support of Plaintiffs' decedent, Emma M. Gomez." *Id.*[1]

**B.**     **Procedural Background**

Plaintiffs filed the complaint on May 1, 2018 in the Fresno County Superior Court. Defendants removed the case to this Court on September 21, 2018 and filed the instant motion to dismiss on the same day. ECF Nos. 1, 3. Plaintiffs opposed the motion. ECF No. 6. Defendants filed a reply. ECF No. 7. This Court appears to have subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) Defendants contend that there is complete diversity of citizenship between Plaintiffs and Defendants; (2) Defendants contend that the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal appear to have been satisfied. Plaintiffs do not contest this Court's jurisdiction. Venue is proper in this Court.

## III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which relief may be granted, the Court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and

---

[1] Plaintiffs assert some additional facts in their opposition brief. ECF No. 6. Facts asserted for the first time in an opposition brief in response to a motion to dismiss "do not bear on the merits of that motion, and 'a court *may not* look beyond the complaint to a plaintiff's moving papers' for facts in ruling on a Rule 12(b)(6) motion." *Verrees v. Davis*, No. 1:16-cv-01392, 2018 WL 1919824, at *4 (E.D. Cal. 2018) (quoting *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (italics in original))

2

the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the complaint must describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim. "Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the pleadings can be cured by the allegation of additional facts, the Court will afford the plaintiff leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## IV. DISCUSSION

Defendants move to dismiss each of the three causes of action on the grounds that the complaint fails to make factual allegations to support its bare conclusions of law. Plaintiffs counter that the factual

3

allegations in the complaint are sufficient.

**A.  Products Liability**

In California, strict liability can be imposed for three separate types of alleged product defects: "flaws in the manufacturing process (manufacturing defects), defects in the design rendering a product unsafe (design defects) and inadequate warnings or failure to warn (warning defects)." *Garrett v. Howmedica Osteonics Corp.*, 214 Cal. App. 4th 173, 182 (2013).

Plaintiffs do not allege how Defendants' product – the Medtronic MiniMed Infusion – was defective or even factually allege how the product failed. Plaintiffs' bare assertion that the device was "dangerous and defective" is a mere legal conclusion insufficient to state a claim for strict products liability. *See Lucas v. City of Visalia*, 726 F. Supp. 2d 1149, 1155 (E.D. Cal. 2010) (dismissing cause of action for products liability where allegations in the complaint "simply track[ed] the general elements of strict products liability and contain[ed] no pertinent factual allegations."); *Altman v. HO Sports Co.*, No. 1:09-CV-1000, 2009 WL 4163512, at *8 (E.D. Cal. Nov. 23, 2009) ("What is conspicuously absent from these claims is an identification of what aspect of the Atlas Bindings makes their design . . . defective"). Such threadbare assertions are not sufficient to survive a motion under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiffs' first cause of action for strict products liability is DISMISSED. Because this is Plaintiffs' first attempt to meet the pleading standard in this case, leave to amend is GRANTED.

**B.  Negligence**

A "plaintiff may seek recovery in a 'products liability case' either 'on the theory of strict liability in tort or on the theory of negligence.'" *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 478 (2001). Under California law, a plaintiff pursuing a negligence theory must plead facts showing a manufacturer breached a "duty to use reasonable care to give warning of the dangerous condition of the product" or plead facts showing a product was "likely to be dangerous to those whom [the manufacturer] should expect to use the product or be endangered by its probable use, if the manufacturer has reason to believe

that they will not realize its dangerous condition." *Artiglio v. General Electric Co.*, 61 Cal. App. 4th 830, 835 (1998).

Plaintiffs likewise fail to state a claim for negligence. Plaintiffs conclude that the product was dangerous without stating any facts that would support that conclusion. Plaintiffs do not explain how the product created the alleged danger, the nature of that danger or how the danger caused injury to the decedent and Plaintiffs. The allegations in the complaint fall far short of stating a cause of action for negligence. Therefore, that cause of action is also DISMISSED WITH LEAVE TO AMEND.

**C.  Breach of Implied Warranty**

The warranty of fitness for a particular purpose is implied by law when "a seller has reason to know that a buyer wishes goods for a particular purpose and is relying on the seller's skill and judgment to furnish those goods." *Martinez v. Metabolife Int'l, Inc.*, 113 Cal. App. 4th 181, 189 (2003). This warranty is breached when the goods are not reasonably fit for the intended purpose, causing injury. *Id.*

To state a claim for breach of the implied warranty of merchantability, a plaintiff must allege a "fundamental defect that renders the product unfit for its ordinary purpose." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1142 (N.D. Cal. 2010); *see also Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1303 (2009) ("The core test of merchantability is fitness for the ordinary purpose for which such goods are used." (internal quotation marks and citation omitted)). "Such fitness is shown if the product is in safe condition and substantially free of defects[.]" *Id.* (internal quotation marks and citation omitted). In other words, a plaintiff claiming breach of an implied warranty of merchantability must show that the product "did not possess even the most basic degree of fitness for ordinary use[,]" *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003), or for its "intended use." *Stearns v. Select Comfort Retail Corp.*, No. 08-2746, 2009 WL 1635931, at *7 (N.D. Cal. June 5, 2009).

Plaintiffs allege that Ms. Gomez was the "purchaser and user" of a "Medtronic MiniMed infusion set" which was "dangerous and defective," and that Medtronic has "breached an implied warranty" as a result. ECF No. 1-1 at 4. Plaintiffs do not allege any facts to satisfy the elements of a

5

claim for breach of implied warranty of fitness or merchantability. Plaintiffs do not allege facts which, if true, suggest that the product was not fit for its ordinary purpose or any particular purpose reasonably known to the seller. Indeed, Plaintiffs do not even allege the purpose of the product, how it was used, or how it caused the decedent's injuries. Because the breach of implied warranty cause of action is devoid of supporting factual allegations, it is DISMISSED WITH LEAVE TO AMEND.

## V. **CONCLUSION AND ORDER**

For the reasons stated above, Defendants' motion to dismiss the complaint is GRANTED WITH LEAVE TO AMEND. Plaintiffs shall have twenty (20) days from electronic service of this Order to file an amended complaint. Counsel for the Plaintiffs are cautioned that this Court is beyond busy and should not have to rewrite insufficient pleadings – and will not again. Plaintiffs have only one more opportunity to file an appropriate pleading.

IT IS SO ORDERED.

Dated: **October 29, 2018**          **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE